Paulicopter - Cia. v Bank of Am., N.A. (2020 NY Slip Op 02248)





Paulicopter - Cia. v Bank of Am., N.A.


2020 NY Slip Op 02248


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Friedman, J.P., Kapnick, Webber, González, JJ.


11367 150161/17

[*1] Paulicopter - Cia., et al., Plaintiffs-Appellants,
v
Bank of America, N.A., Defendant-Respondent, Bank of America Merrill Lynch Banco Múltiplo S.A., et al., Defendants.


Schlam Stone & Dolan LLP, New York (Seth D. Allen of counsel), for appellants.
Moore & Van Allen PLLC, New York (James P. McLoughlin, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered March 28, 2019, which granted defendant Bank of America, N.A.'s motion to dismiss the complaint as against it, unanimously affirmed, without costs.
Plaintiffs allege that defendant Bank of America breached a structured lease transaction by seizing the aircraft that they acquired pursuant to the transaction. The motion court correctly found that defendant's repossession of the aircraft was justified by at least two separate events of default on plaintiffs' part and thus that defendant was not in breach of the leases or any corresponding duty of good faith.
First, it is undisputed that plaintiffs did not pay the rent due March 30, 2016 until May 4, 2016, and that it never paid the interest and administrative fees that had accrued. Plaintiffs' delay in paying the rent far exceeded the sublease's 10-day grace period, and the documentary evidence submitted by defendant "flatly contradicted" plaintiffs' contention that defendant waived its right to declare an event of default (see Morgenthow & Latham v Bank of N.Y. Co., 305 AD2d 74, 78 [1st Dept 2003] [internal quotation marks omitted], lv denied 100 NY2d 512 [2003]). Moreover, the "hell or high water" clause establishes that it was plaintiffs that waived their rights to declare a default, not defendant, since hell or high water clauses "require[] the lessee to make payments irrespective of any defects in performance" (Wells Fargo Fin. Leasing, Inc. v Kokoon, Inc., No, 155239/2013, 2013 NY Slip Op 30204[U], *17 [Sup Ct, NY County, Jan. 25, 2013]).
Second, plaintiffs breached the parties' liquidity covenant. The records submitted to the court by defendant establish that plaintiff Antonio Joao Abdalla Filho, the principal owner of plaintiff Paulicopter, had not been paid on the precatório (an obligation of a Brazilian government entity to pay judgments against it) for more than six years because it was the subject of litigation brought by the State of S o Paulo and that the precatório was subject to a claim or other encumbrance because it was awaiting the outcome of a suit bought by the State Treasury against the amount deposited. Thus, the precatório was neither unencumbered nor liquid.
The breach of the implied covenant of good faith and fair dealing claim was correctly dismissed as duplicative of the breach of contract claim. In any event, the complaint makes no nonconclusory allegations of bad faith on defendant's part.
The tortious interference with contract, conversion, and conspiracy claims were correctly dismissed under New York law. Plaintiffs contend that Brazilian law governs these claims, but they failed to plead or otherwise prove the substance of Brazilian law (CPLR 3016[e]; see Bank of N.Y. v Norilsk Nickel, 14 AD3d 140, 148 [1st Dept 2004], lv dismissed 4 NY3d 846 [2005]). [*2]In any event, plaintiffs failed to establish that Brazilian or North Carolina law would save their tort claims.
We have considered plaintiffs' remaining contentions and
find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK